# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 591
### SHAFER v. PATTERN MAKERS LEAGUE et al
Ohio Appeals, 1st District, Hamilton County
No. 1710.   Decided June 18, 1923

This opinion has not been published except in Abstract.

**WORKMEN'S · COMPENSATION—Injunction refused on authority of La France case.**

Cushing, Buchwalter and Hamilton, JJ.

PER CURIAM.
#### Epitomized Opinion
Error to the Court of Common Pleas of Hamilton County.   Injunction denied

The facts bring this case within the principles denounced by the Supreme Court in the case of La France Co. v. Electrical Workers, decided June 11, 1923, 24 Abs. 452, on the authority of which case, the injunction asked for herein will be refused.   Moreover, circumstances calling for the interposition of equitable relief do not now exist.

**Attorneys**—Simon Ross, for Shafer; James G. Stewart, contra.

---

No. 592
### WHISTLE CO. v. SCHUELER
Ohio Appeals, 2nd District, Franklin County
No. 1037.   Decided June 20, 1923

This opinion has not been published except in Abstract.

**LEASE—Estoppel to enforce forfeiture provision in lease.**

PER CURIAM.
#### Epitomized Opinion

Action to enforce forfeiture provision of a lease. Whistle Co. expended money in making alterations on the property to the knowledge of Schueler, the owner, who did not object, and received rent after the material for alterations was brought on premises, and also after alterations were fully made. Court of Appeals held:
1. Schueler is estopped from enforcing the forfeiture provisions of the lease because he knowingly allowed alterations to be made without objecting thereto and accepted rent during the alterations.

**Attorneys**—J. G. Westwater, for Whistle Co.; Pugh & Pugh, for Schueler.

(Note:   The opinion fails to state what the forfeiture provisions of the lease are.)

---

No. 593
### LUST et al v. KLEIN et al

Ohio Appeals, 2nd District, Franklin County
No. 1073.   Decided June 20, 1923

This opinion has not been published except in Abstract.

**JURISDICTION—Effect of party's special appearance to object solely to court's jurisdiction of subject matter.**

MIDDLETON, J.:
#### Epitomized Opinion

Action to restrain collection of judgment.   Lust sued Klein before justice of peace for Clinton Township, Seneca County, Ohio, for $299, damages resulting from an automobile collision.   Lust resided in this township.   Klein resided in Franklin county. The collision occurred in Bloom Township, Seneca County.   Summons was issued for Klein and served in Franklin County by Columbus Municipal Court bailiff.   Thereafter, Klein, without entering his appearance, moved for dismissal on the ground that the court had no jurisdiction of the subject matter.   The motion was overruled and on the same day Lust offered testimony and the justice rendered judgment in his favor against Klein for $299 and costs.   Then a transcript of the judgment was filed in Seneca Common Pleas and execution was issued to the sheriff of Franklin county.   This action for injunction followed, and Franklin Common Pleas issued a permanent restraining order against collecting the judgment, the local court holding that the justice of the peace of Clinton Township, under neither 6308 or 10225 GC., had neither jurisdiction of the subject matter nor of the parties to the before him, by which facts the judgment was wholly void.   The case was heard on an agreed statement of facts which were incorporated in the bill of exceptions.   The Court of Appeals in reversing the Common Pleas judgment and dismissing the injunction held:
1. The justice of the peace had jurisdiction of the subject matter through the collection occurred in another township.
2. By attempting to enter a special appearance but moving for the dismissal of the action on the ground that the court had no jurisdiction of the subject matter, thus invoking the action of the court on a matter affecting the merits of the case, the party waived any objection to its jurisdiction over his person and entered his appearance in the action.   29 OS. 614, 37 OS. 366, 39 OS. 257.
3. Sec. 10223 GC. limits and fixes the territorial jurisdiction of the justice of the peace but does no otherwise regulate his jurisdiction.   By 10226 GC the justice had jurisdiction of the subject matter wholly independent of 86308 GC.   Contra to 26 GC NS. 94 as to construction of GC. 10223.

**Attorneys**—H. S. Kerr, for Klein; O. R. Craw for Lust.